THE STATE OF TEXAS

VS.

Selvin Lopez

CAUSE NO. F _55 19061 -J_

CRIMINAL DISTRICT COURT #3

DALLAS COUNTY, TEXAS

## PLEA AGREEMENT

FILED
2015 DEC 17 AM 9: 15
FELICIA PITRE
COURT OF APPEALS
DALLAS COUNTY, TEXAS
1/14/2016 8:29 DEPUTY
LISA MATZ
Clerk

State ID No: _____

Attorney for State: A. Goldate

Offense: Theft Agg $20k < $100k

Statute for Offense: 31.03(e)(5)

Date of Offense: 7/2/2004 ≥ on 2/9/2005

Incident No / TRN: _____

Attorney for Defendant: R. _____

Charging Instrument: [✓] Indictment [ ] Information

Degree of Offense: F3

Affirmative finding of deadly weapon: [ ] YES [✓] NO    Type of Weapon: _____

Affirmative finding of family violence: [ ] YES [✓] NO    Ignition Interlock required [ ] YES [ ] NO

Affirmative finding of bias or prejudice: [ ] YES [✓] NO    If yes, Group: _____

Sentence to run    [ ] CONCURRENTLY  [ ] CONSECUTIVELY    WITH _____

Time Credit:   From _____  To _____    From _____  To _____

Sex Offender Registration  [ ] DOES  [ ] DOES NOT  apply.    Age of victim at time of offense: _____

## TO THE HONORABLE JUDGE OF SAID COURT:

The defendant herein and the attorneys for both the defendant and the State waive a jury trial and make the following agreement:

| | | |
|---|---|---|
| Defendant's Plea: | [✓] Guilty | [ ] Nolo contendere |
| | [ ] Defendant will testify. | [ ] Defendant will not testify |
| Plea to enhancement paragraph(s): | [ ] True | [ ] Not true |
| Type of Plea: | [ ] Plea bargain | [✗] Open plea |
| Open as to:  [ ] Fine  [ ] Restitution | [ ] Community Supervision | [✗] Deferred Adjudication |
| [ ] Other | | |

State's recommendation: 5 TDC, $2,500f + $71, 767.96 restitution

Agreed sentence:

[✓] Confinement in [✓] penitentiary [ ] state jail [ ] county jail for ___0___ [ ] years [ ] months [ ] days

[ ] Post-conviction community supervision, confinement probated for _____ [ ] years [ ] months [ ] days

[ ] Deferred community supervision for _____ [ ] years [ ] months [ ] days

[ ] Fine of $_____ [ ] to be paid [ ] to be probated

[ ] Boot Camp [ ] Shock Probation [ ] Substance Abuse Felony Program

[ ] CENIKOR [ ] Judicial Treatment Center [ ] Dallas County Jail Chemical Dependency Program

[ ] Restitution in the amount of $ _____

[ ] Defendant will sign waiver of extradition [ ] Defendant knowingly and voluntarily waives appeal

[ ] Defendant Waives a court reporter          [ ] Other: _____

[ ] Back-time included: _____          [ ] Back time NOT included

☐ **CHANGE OF NAME** *(Applicable only if box is checked)*

The defendant having suggested that his/her true name is other than that set forth in the charging instrument, and having moved that the charging instrument and all other documents in this cause be amended to show his/her true name to be_____ , said motion is hereby granted. It is so ordered.

## COURT'S ADMONITIONS TO DEFENDANT

You are charged with the offense of: Theft Agg $20,000 < $100,000 .
The punishment range for the offense charged is:

☐ 1st Degree Felony, 5-99 years or Life and an optional fine not to exceed $10,000.00
☐ 2nd Degree Felony, 2-20 years confinement and an optional fine not to exceed $10,000.00
☑ 3rd Degree Felony, 2-10 years confinement and an optional fine not to exceed $10,000.00
☐ State Jail Felony, 180 days – 2 years State Jail and an optional fine not to exceed $10,000.00
☐ _____ .

You have an absolute right to a jury trial, to confront and cross-examine the witnesses against you, and to call witnesses in your own behalf. You have a right to testify, but you cannot be compelled to do so. The prosecuting attorney's recommendation as to punishment is not binding on the Court. If the Court rejects any plea bargain made in this case, you may withdraw your plea of guilty or *nolo contendere*. If the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal on any matter in the case unless the Court grants permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea. If you enter a plea of guilty or *nolo contendere* and there is no plea bargain, the court may assess your punishment anywhere within the range allowed by law. If you are not a citizen of the United States, a plea of guilty or *nolo contendere* may, and under current Federal Immigration rules *is almost certain to*, result in your deportation, removal, exclusion from admission to the United States, or denial of naturalization. If you have a court-appointed attorney, you have a right to ten days from the date of the attorney's appointment to prepare for trial. You have the right to be tried on an indictment returned by a Grand Jury, and, unless you are on bond, a right to two entire days after being served with a copy of the charging instrument before being arraigned. If you receive unadjudicated community supervision and violate its conditions, you may be arrested and subjected to a hearing limited to determining whether or not guilt should be adjudicated. If guilt is adjudicated the full range of punishment is open to the Court. All proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and an appeal, then continue as if the adjudication of guilt had not been deferred. [In sex offense cases, see Court's Admonition to Sex Offenders, which is incorporated by reference and attached hereto.]

## DEFENDANT'S STATEMENTS AND WAIVERS

With the approval of counsel, defendant makes the following statements and waivers. I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contendere*. I understand that I have an absolute right to a jury trial, that I have the right to remain silent, that anything I say can and will be used against me, that I have the right to confront and cross-examine the witness against me, and that I have a right to be tried upon an indictment returned by a grand jury. I understand that if

I am not a United States citizen, a plea of guilty or *nolo contendere* will probably result in my deportation from the United States, exclusion from admission to the United States, or denial of naturalization under Federal law.

I hereby waive my right to be tried on an indictment returned by a grand jury; any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument; my right to a jury trial; and my right to remain silent. I waive arraignment and reading of the charging instrument; the appearance, confrontation, and cross-examination of witnesses on the issues of guilt and punishment; my right to ten days to prepare for trial after the appointment of counsel (if counsel has been appointed); and the preparation of a pre-sentence report. I consent to the oral or written stipulation of evidence or testimony, to the introduction of testimony by affidavits or written statements of witnesses, and to all other documentary evidence.

I admit and judicially confess that I committed the offense of Theft Agg $20,000 < $100,000 on 7/4/2004 > 2/9/2005, exactly as alleged in the charging instrument. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

I understand the admonitions regarding unadjudicated community supervision, and that I will be required to register as a sex offender if convicted of, or placed on community supervision for, one of the offenses enumerated under Court's Admonition to Sex Offenders, attached hereto. I understand that under the Uniform Extradition Act, should I be charged with a violation of my community supervision and be arrested in another state, I have the right to require the issuance and service of a warrant of extradition, the right to hire legal counsel, or, if indigent, to have counsel appointed, and the right to apply for a writ of habeas corpus to contest my arrest and return to this State.

☑ I voluntarily and knowingly waive my rights under the Extradition Act, waive extradition, and waive my right to contest my return to the State of Texas from any jurisdiction where I may be found. I understand and agree that such waiver is irrevocable.

☑ I understand that I have a right to appeal to the Court of Appeals. After consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal if the Court follows the terms of the State's recommendation as to sentencing.

☐ I waive and give up my right to have a court reporter make a record of these court proceedings as provided by Rule 13.1 of the Texas Rules of Appellate Procedure.

☐ **DEFENDANT'S PLEA TO ENHANCEMENT PARAGRAPH(S) (Applicable only if box is checked)**

I, the defendant, plead true to the enhancement allegations included in the:

☐ first                    ☐ second                    ☐ first & second

enhancement paragraph(s) which is/are contained in the charging instrument or the State's Notice of Enhancement, and judicially confess that I am the same person who was previously duly and legally convicted of the offense(s) alleged therein.

## SIGNATURES AND ACKNOWLEDGMENTS

I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

_____
Date

X _____
Defendant

_____
Printed Name

I have consulted with the defendant, whom I believe to be competent, concerning the plea in this case and have advised the defendant of his/ her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

_____
Date

_____
Attorney for Defendant

_____
State Bar Number

_____
Printed Name

As attorney for the State, I hereby consent to and approve the requests, waivers, agreements, and stipulations in this instrument.

_____
Date

SUSAN HAWK, Criminal District Attorney, Dallas County

_____
Assistant District Attorney

_____
State Bar Number

_____
Printed Name

It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all the parties have consented to and approved the waiver of jury trial and stipulations of evidence, the Court finds the waivers, agreements, and plea to have been knowingly, freely, and voluntarily made, approves the waivers and agreements, accepts the defendant's plea, approves the stipulation of testimony, and approves the change of name contained herein (if applicable).

_____
Date

_____
Judge

THE STATE OF TEXAS

VS.

Silvin Lopez

CAUSE NO. F  05190061-

CPC 7  DISTRICT COURT

DALLAS COUNTY TEXAS

FILED

2015 DEC 17

FELICIA PITRE
DISTRICT CLERK
DALLAS, TEXAS

_____DEPUTY

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, judge of the trial court, certify this criminal case:

☒ is not a plea-bargain case, and the defendant has the right of appeal. [ or ]

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial
and not withdrawn or waived, and the defendant has the right of appeal. [ or ]

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant
has the right of appeal. [ or ]

☐ is a plea-bargain case, and the defendant has NO right of appeal. [ or ]

☐ the defendant has waived the right of appeal.


_____Gracie Lewis_____          _____12-17-15_____
Judge                                Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

X _____

Defendant
Mailing address: doesn't know
Telephone number:
Fax number (if any):

Defendant's Counsel
State Bar of Texas ID number: 00792394
Mailing address: 318 W. Commerce
Telephone number: Dallas TX
Fax number (if any): 75208

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case – that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant – a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal" TEXAS RULE OF APPELLATE PROCEEDURE 25.2(a)(2)



CASE NO. F-0519061-J
INCIDENT NO./TRN: 9248805426

| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
|---|---|---|
| | § | |
| v. | § | COURT #3 |
| | § | |
| SELVIN NELSON LOPEZ | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX07280364 | § | |

# JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. **Gracie Lewis** | Date Judgment Entered: | **12/17/2015** |
|---|---|---|---|
| Attorney for State: | **Alexis Gobble** | Attorney for Defendant: | **Rob Campos** |

Offense for which Defendant Convicted:
**THEFT AGGREGATE 20,000**

| Charging Instrument: **INDICTMENT** | Statute for Offense: **31.03 Penal Code** | |
|---|---|---|

Date of Offense:
**2/9/2005**

| Degree of Offense: **3RD DEGREE FELONY** | Plea to Offense: **GUILTY** | Findings on Deadly Weapon: **N/A** |
|---|---|---|

Terms of Plea Bargain:
**10 YEARS TDCJ; NO FINE**

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Date Sentence Imposed: | **12/17/2015** | Date Sentence to Commence: | **12/17/2015** |
|---|---|---|---|

| Punishment and Place of Confinement: | **10 YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ **N/A** | $ **249** | $ **71,767.96** | (see below) ☒ AGENCY/AGENT ☐ VICTIM |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | From **10/5/2015** to **12/17/2015** From to From to |
| Time Credited: | From to From to From to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS** NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

    This cause was called for trial in Dallas County, Texas. The State appeared by her District Attorney.

    **Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.



☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Dallas County, Texas on the date the sentence is to commence. Defendant shall be confined in the Dallas County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## Furthermore, the following special findings or orders apply:

X _Gracie H. Lewis_

Gracie Lewis
JUDGE PRESIDING

Clerk: T. JONES

*Thumbprint Certification attached.

# JUDGMENT
## CERTIFICATE OF THUMBPRINT

**THE STATE OF TEXAS**

CAUSE NO. F OS19061 .

**VS.**

Selvin Lopez

CDC 3 **DISTRICT COURT** ___

**DALLAS COUNTY, TEXAS**

**RIGHT THUMB**

**DEFENDANT'S** R. **HAND**

**THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.**

**DONE IN COURT THIS** _17_ **DAY OF** _December_ **, 20** _15_ .

_____

**BAILIFF/DEPUTY SHERIFF**

*****INDICATE HERE IF PRINT OTHER THAN DEFENDANT'S RIGHT THUMBPRINT IS PLACED IN BOX:**

_____ **LEFT THUMBPRINT**

_____ **LEFT/RIGHT INDEX FINGER**

_____ **OTHER,** _____

**SIGNED AND ENTERED ON THIS** _17_ **DAY OF** _December_ **, 20** _15_ .

_____

**PRESIDING JUDGE**



THE STATE OF TEXAS

VS.

**SELVIN NELSON LOPEZ**

CAUSE NO. F **0519061** -J

_CRIMINAL_  DISTRICT COURT #3

DALLAS COUNTY, TEXAS

## ORDER TO WITHDRAW FUNDS

**TO: INMATE TRUST ACCOUNT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

**COPY TO:** **SELVIN NELSON LOPEZ**

**TDCJ#** _____ SID# 07280364 _____

**GREETINGS:**
THE ABOVE named Texas Department of Criminal Justice offender has of this date been assessed court costs, fees, and/or fines in the District Court of Dallas County, Texas, in the above entitled and numbered cause in accordance with the sentence imposed as reflected in the judgment attached to this Order. The Court finds that the offender is unable to pay the court costs, fees, and/or fines on this date and that the funds should be withdrawn from the Offender's Inmate Trust Account. Court costs, fees, and/or fines have been incurred as represented in the attached judgment in the amount of $(249) for court fees and costs, and $(N/A) in fines.

THE COURT ORDERS that payment be made out of the Offender's Inmate Trust Account as follows:
Pay an initial amount equal to the lesser of:
(1)  15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or
(2)  The total amount court costs, fees, and/or fines that remains unpaid.
In each month following payment of the initial amount, payment shall be made out of the Offender's Inmate Trust Account in an amount equal to the lesser of:
(1)  10% of each month's deposit in the Offender's Inmate Trust Account; or
(2)  The total amount of court costs, fees, and/or fines that remains unpaid.
Payments are to continue until the total amount of court costs, fees, and/or fines are paid in full or the offender is released from confinement.

IT IS FURTHER ORDERED that payments for court fees, court costs, and fines shall not be withdrawn pursuant to this order until all orders which the department has been notified of requiring an inmate to pay child support, restitution, and/or reimbursement to the Health and Human Services Commission for financial assistance to a child of the inmate for the child's health needs under Chapter 31 of the Human Resources Code have been paid in full.

The department (Inmate Trust Account) shall withdraw money from the trust account of the offender, hold same in a separate account, and shall forward said money to the Dallas County District Clerk on the earlier of the following dates:
(1)  Monthly;
(2)  The date the total amount to be forwarded equals the total amount which remains unpaid; or
(3)  The date the offender is released.

The Court enters this order pursuant to Texas Government Code §501.014 this (17TH) day of (December), (2015).

_Gracie H. Lewis_

**JUDGE PRESIDING**